[No. 35433.    Department One.    January 12, 1961.]

C. Russ Wood, *Respondent,* v. May Lorraine Nelson *et al.,* *Appellants.*[1]

*Garland & Bishop* by *Marion Garland, Jr.,* for appellants.

*Ralph Purvis,* for respondent.

Mallery, J.—This is an action to quiet title to a twenty-foot strip of land between two abutting properties on the shore of Hood Canal in Kitsap county. The action was precipitated by the act of one of the defendants cutting some brush on the plaintiff's side of a dilapidated old line fence, which had been in place for more than ten years. No one knew when or by whom it was built.

The first sector of the fence starts at a point on county road No. 18 and runs north for a distance of about two hundred sixty-three feet to a point where it veers to the east at an angle of about forty degrees. The second sector then runs a distance of about two hundred forty-three feet to the government meander line on the shore of Hood Canal. This fence throughout its length is parallel to the true property line, but is over on the defendants' side a distance of twenty feet.

[1] Reported in 358 P. (2d) 312.

The court quieted title in the plaintiff to the twenty-foot strip of land lying between the true line and the fence. The defendants appeal.

The appellants concede the sufficiency of the evidence to sustain the court's finding of the respondent's adverse possession up to the fence in the first sector, because the respondent uses it as a road. However, the appellants contend the trial court erred in quieting title in the respondent to the strip of land abutting the remaining sector of the fence. They assert the only evidence of *adverse use* of this sector is a few instances when the respondent cut wild grass thereon. This, they contend, is not evidence of sufficient use to establish adverse possession of that sector.

■ We agree that such a limited use would not of itself conclusively establish adverse possession of wild, unimproved, or unfenced land.

But this land is not unfenced, and, moreover, it is not the fact of *use* with which we are here concerned. Evidence of *use* is admissible because it is ordinarily an indication of *possession*. It is *possession* that is the ultimate fact to be ascertained. Exclusive dominion over land is the essence of possession, and it can exist in unused land if others have been excluded therefrom. A fence is the usual means relied upon to exclude strangers and establish the dominion and control characteristic of ownership.

The court viewed the property in this case, and properly used the things and circumstances observed to explain the testimony of the witnesses, as well as to affect their credibility. The court, in a memorandum opinion, said:

"It is the claim of the defendants that the wire fence was merely for the purpose of confining stock and fowl, and was never intended to mark the property line. This seems hardly reasonable to me for several reasons. In the first place, there was nothing at either end of the fence to confine the chickens or other fowl, and if it was for the purpose urged by the defendants, why did it follow along the entire length of the property and on a line parallel with the true line? In addition to this, the road into the plaintiff's property runs right along the fence, and yet the con-

tour of the land is such that it might just as well have been placed on any other part of the property.

"I feel that the evidence amply supports the plaintiff's position that this fence has been recognized by the parties on both sides as the boundary line, and that property up to it has been occupied and used by the parties for such a period of time as to establish plaintiff's claim by adverse possession, if not by agreement. It must be kept in mind that this property is situated in a populated area and that the land on all sides has been occupied as residences for many years. The holding by the plaintiff was adverse because of the obvious intention of the plaintiff to claim the area in dispute as owner. . . ."

The trial court's finding of fact that the fence was built as a line fence is one of the determinative facts in the case. It is supported by the record.

■ Where a fence purports to be a line fence, rather than a random one, and when it is effective in excluding an abutting owner from the unused part of a tract otherwise generally in use, it constitutes *prima facie* evidence of hostile possession up to the fence. We know of no requirement that a particular degree or kind of *use* be established as to every part of a fenced tract of land as a prerequisite to finding possession thereof.

The judgment is affirmed.

WEAVER, C. J., OTT, and HUNTER, JJ., concur.

DONWORTH, J., concurs in the result.